UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN SHAWN ERICKSON,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTYWIDE HOME LOANS, INC, et al.,<br><br>        Defendants. | CASE NO. C10-5666BHS<br><br>ORDER DENYING MOTIONS TO AMEND, DENYING MOTION TO REMAND, TERMINATING MOTIONS TO STRIKE AND DISMISS, AND PERMITTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT |

    This matter comes before the Court on Plaintiff's ("Erickson") motions to amend his complaint (Dkts. 47, 49, 51, 55, 57, 59), Plaintiff's motion to remand (Dkt. 13), and Defendant ReconTrust Company's ("Recon") withdrawal of motions to dismiss under Fed. R. Civ. P. 12(b)(6) and to strike amended complaint under Fed. R. Civ. P. 12(f)(2) (Dkt. 61).

**I. PROCEDURAL AND FACTUAL HISTORY**

    On August 12, 2010, Erickson filed his complaint against multiple defendants in Pierce County Superior Court (Case No. 10-2-11982-1). Dkt. 2, Ex. B ("Complaint"). On September 17, 2010, Recon removed the action pursuant to this Court's federal question jurisdiction. Dkt. 1.

    On September 24, 2010, Recon moved for dismissal of any claims against it pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim). Dkt. 7. Erickson responded

ORDER - 1

in opposition to the motion to dismiss. Dkt. 12 (styled as a "reply"). On October 22, 2010, Recon replied. Dkt. 28.

On September 28, 2010, Erickson filed a motion to remand. Dkt. 13 (styled as a "Notice of Remand"). On October 11, 2010, Recon opposed the motion to remand. Dkt. 21. Erickson did not reply.

On September 28, 2010, Erickson filed a second amended complaint ("SAC"). Dkt. 14 (styled as a "second served amended complaint and cause of action"). On October 8, 2010, Recon filed a motion to strike the SAC. Dkt. 19. On October 20, 2010, Erickson replied to the motion to strike. Dkt. 24. Recon did not reply.

On November 10, 2010, Recon moved to withdraw its motions to dismiss and strike. Dkt. 61. Within its briefing on withdrawal, Recon also informed the Court that it does not oppose Erickson's ability to amend his complaint without leave. *Id*.

Additionally, Erickson filed multiple motions to amend his complaint. Dkts. 47, 49, 51, 55, 57, 59.

Several other motions and requests have been filed in this matter, but the Court will not address them herein.

## II. DISCUSSION

**A.    Erickson's Motion for Remand**

Because Erickson's complaint includes federal claims, the Court has federal question jurisdiction and may exert supplemental jurisdiction over Erickson's otherwise nonremovable state law claims. *See* generally Complaint; *see also* 28 U.S.C. §§ 1331 (federal question jurisdiction), 1441(c) (removal jurisdiction). Therefore, because the Court has original jurisdiction over Erickson's purported federal law claims, his motion for remand is denied.

**B.     Recon's Withdrawal of Motions**

Recon requests that the Court permit it to withdraw its motions to dismiss and to strike. (Dkt 61). The Court grants this request. However, Erickson's second amended complaint ("SAC") is deficient, see below. Therefore, he should file a third amended complaint ("TAC") if he wishes to proceed in this matter.

**C.     Deficient Complaints**

The Supreme Court has made clear what is required in a complaint to be acceptable under the current pleading standards:

> [T]he pleading standard [under Fed. R. Civ. P. 8] . . . does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of further factual enhancement."

*Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citations omitted). Erickson's complaint does not satisfy these standards.

Erickson's Complaint and SAC, as pleaded thus far, leave the Court unable to ascertain, on any cognizable basis, what Erickson is alleging, both factually and legally. The Complaint and the SAC both appear to simply be a "cut and paste" job that is not well done. The Court cannot determine what Erickson is trying to accomplish, what claims he has against which defendants or what facts might establish such claims. In short, Erickson's Complaint and SAC are wholly deficient. Therefore, Erickson's multiple requests to file an amended complaint (presumably the SAC) are denied.

However, because Erickson is proceeding *pro se*, the Court will permit him to attempt to correct these deficiencies through a third amended complaint (TAC). However, if Erickson elects to rely on his SAC, his claims against Recon may be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Should Erickson file a TAC, failure to correct the deficiencies discussed herein may result in dismissal. Erickson may file a

ORDER - 3

("TAC") no later than November 26, 2010. Upon such filing, Recon may renew its motion to dismiss.

**D.     Notice**

Even if the Court determines Erickson's TAC, if filed, is sufficient to meet the standards discussed in *Iqbal*, Erickson may still face a renewed motion to dismiss from Recon or a separate motion to dismiss by another named Defendant. Erickson's response in opposition to Recon's motion to dismiss, discussed above, is wholly inadequate to defeat such a motion. The Court puts Erickson on notice herein as to what is expected of him should he seek to defeat such a motion in the future.

Rule 12 informs a plaintiff of what they must do in order to oppose a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Generally, a motion under this rule must be granted when a plaintiff has failed to state a claim for which the law provides relief or the plaintiff has failed to plead facts that would support a theory available under the law – that is, where either the law cannot help the plaintiff, or the plaintiff cannot provide facts sufficient to support his/her case under the law, the party who asked for dismissal is entitled to judgment, which will end a plaintiff's case. When, as here, the motion to dismiss is based on an alleged failure to plead facts to support a cognizable legal theory, a plaintiff may not be able to simply rely on what his or her complaint states. Instead, where a plaintiff's complaint is factually deficient, a plaintiff must set out specific facts in declarations, or authenticated documents, or an amended complaint that contradicts the facts shown in a defendant's documents and shows that there are facts that, if believed, would support a cognizable legal theory. If Erickson does not adequately respond to any future motion(s) to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal may be granted and there will be no trial.

ORDER - 4

Finally, if the Court grants a renewed motion to dismiss (if Recon so files) because Erickson was unable to cure the deficiencies discussed herein, the Court may show cause him as to why his case should not be dismissed as to all Defendants.

### III. ORDER

Therefore, it is hereby **ORDERED** that

(1) Erickson's motion for remand (Dkt. 13) is **DENIED**;

(2) Recon's motion to dismiss (Dkt. 7) and its motion to strike (Dkt. 19) are **TERMINATED** in accord with Recon's request for withdrawal (Dkt. 61);

(3) Erickson's motions and requests to amend are **DENIED**. However, he is **DIRECTED TO AMEND** his complaint a third time, or will likely face dismissal under Fed. R. Civ. P. 12(b)(6), as discussed herein.

(4) All other motions and requests will be addressed upon resolution of the issues addressed herein.

DATED this 12th day of November, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5