UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN SHAWN ERICKSON,

          Plaintiff,

   v.

COUNTRYWIDE HOME LOANS, INC.,
et al.,

          Defendants.

CASE NO. C10-5666BHS

ORDER ACCEPTING
PLAINTIFF'S THIRD
AMENDED COMPLAINT,
STAYING FIRST MOTION FOR
DEFAULT, AND DENYING
ALL OTHER MOTIONS

      This matter comes before the Court on Plaintiff's ("Erickson") third amended complaint ("TAC") (Dkt. 77), two demands for default (Dkts. 42, 66), and his motion for waiver of service and accompanying amended requests for waiver of service (Dkts. 23, 46, 48, 50, 54, 56, 58). The Court has considered the pleadings and the remainder of the file and hereby accepts Erickson's TAC, stays his first motion for default, and denies all other pending motions and requests for the reasons discussed herein.

## I. PROCEDURAL AND FACTUAL HISTORY

      On August 12, 2010, Erickson filed his complaint against multiple defendants in Pierce County Superior Court (Case No. 10-2-11982-1). Dkt. 2, Ex. B ("Complaint"). On September 17, 2010, Defendant ReconTrust ("Recon") removed the action pursuant to this Court's federal question jurisdiction. Dkt. 1.

1
2
3

October 18, 2010, Erickson moved for "waiver by all Defendants of additional service of summons and complaint." Dkt. 23. Erickson has also filed multiple other requests regarding his motion for waiver of service. *See* Dkts. 46, 48, 50, 54, 56, and 58.

4
5
6
7

On November 12, 2010, the Court denied Erickson's motions to amend, motion for remand, and terminated Recon's motions to strike and dismiss the case. Dkt. 62. In that order, the Court also granted Erickson leave to file a TAC, which he has since filed (Dkt. 77).

8
9
10

On November 3, 2010, Erickson moved for default against Carole Higa ("Higa"). Dkt. 42. On November 15, 2010, Erickson also moved for default against Recon. Dkt. 66.

11
12
13

Additionally, on December 3, 2010, Erickson filed a "proposed order" that seems to contain a motion. Dkt. 86. It is unclear what this document is, or is intended to be, as it does not reference a particular motion and is styled as a proposed order.

14
15
16

Within the prior order granting leave for Erickson to file his TAC, the Court continued the date on which all other pending motions would be considered until after the TAC was accepted.

## II. DISCUSSION

17
18

**A.    Erickson's TAC**

19
20

The Court accepts Erickson's TAC (Dkt. 77) under its liberal pleading standards for *pro se* litigants, but remains unconvinced that Erickson has raised meritorious claims.

21
22
23
24

Therefore, as discussed in the prior order (Dkt. 62), Recon may renew its motion to dismiss under Fed. R. Civ. P. 12(b)(6). Recon may submit its opening brief by no later than January 7, 2011; the briefing schedule thereafter will be in accord with the local rules. *See generally* CR 7.

25

**B.    Erickson's Demands for Default**

26
27
28

Erickson's motion for default against Recon (styled "demand for default") is improper given that Recon has defended in this action by filing its earlier withdrawn

motion to dismiss. *See* Dkt. 62 (citing to Recon's motion to dismiss, Dkt. 7); *see also* Fed. R. Civ. P. 55(a) (not permitting default where party has otherwise defended). Erickson has also filed a "proposed order on the motion for default" (Dkt. 86).

Based on the foregoing, the Court denies the motion for default against Recon (Dkt. 66) and terminates the "proposed order" (Dkt. 86).

With respect to Erickson's motion for default of Higa, Dkt. 42, the Court reserves ruling on this motion. Although the Court has accepted Erickson's TAC, it remains unconvinced that Erikson has actually raised meritorious claims. Therefore, because granting default on a procedural basis against Higa is premature, the Court declines to do so at this point in the litigation. The motion for default (Dkt. 42) is therefore stayed pending the outcome of Recon's pending renewed motion to dismiss, see above.

**C.    Erickson's Motions for Waiver of Service**

Erickson's motion for waiver of service (Dkt. 23) is denied. Erickson's additional requests to waive service (Dkts. 46, 48, 50, 54, 56, and 58) are also denied.

**D.    Erickson's "Proposed Order"**

Erickson's "proposed order on the motion for default show cause and mortgage debt dispute order of quiet title" is terminated.[1]

**E.    Notice**

Erickson may still face a renewed motion to dismiss from Recon or a separate motion to dismiss by another named Defendant. Therefore, the Court puts Erickson on notice herein as to what is expected of him should he seek to defeat such a motion in the future.

---

[1]It is unclear what this document seeks to accomplish and contains a myriad of cut and paste statements that inform the Court of very little. Further, it is not a proper motion and, to the extent it is only a proposed order, the Court is unclear of the motion to which it might relate.

ORDER - 3

1    Rule 12 informs a plaintiff of what they must do in order to oppose a motion to
2    dismiss under Fed. R. Civ. P. 12(b)(6). Generally, a motion under this rule must be
3    granted when a plaintiff has failed to state a claim for which the law provides relief or the
4    plaintiff has failed to plead facts that would support a theory available under the law –
5    that is, where either the law cannot help the plaintiff, or the plaintiff cannot provide facts
6    sufficient to support his/her case under the law, the party who asked for dismissal is
7    entitled to judgment, which will end a plaintiff's case. When, as here, the motion to
8    dismiss is based on an alleged failure to plead facts to support a cognizable legal theory, a
9    plaintiff may not be able to simply rely on what his or her complaint states. Instead,
10   where a plaintiff's complaint is factually deficient, a plaintiff must set out specific facts in
11   declarations, or authenticated documents, or an amended complaint, that contradicts the
12   facts shown in a defendant's documents and shows that there are facts that, if believed,
13   would support a cognizable legal theory. If Erickson does not adequately respond to any
14   future motion(s) to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal may be granted and
15   there will be no trial.
16
17   Finally, if the Court grants a renewed motion to dismiss (if Recon so files) because
18   Erickson was unable to cure the deficiencies discussed herein, the Court may show cause
19   him as to why his case should not be dismissed as to all Defendants.
20   **F.    Filings With Clerk**
21   It has come to the Court's attention that Erickson's filings with the office of the
22   Clerk have not been in accord with our standards. The Court has attempted to contact
23   Erickson regarding this matter, but the phone number given has a message stating that the
24   phone cannot receive voicemail, as the inbox is full. Therefore, Erickson is directed to
25   have a conversation with the Clerk's office to learn how his filings can be more efficient,
26   proper, and adequate.
27
28

ORDER - 4

**III. ORDER**

Therefore, it is hereby **ORDERED** that

(1)     Erickson's TAC (Dkt. 77) is **ACCEPTED**;

(2)     Recon may renew its motion to dismiss as discussed herein;

(3)     Erickson's motion for remand, embedded in Dkts. 66 and 77, is **DENIED**;

(4)     Erickson's motion against Recon (Dkts. 66) is **DENIED**;

(5)     Erickson's motion for default against Higa (Dkt. 42) is **STAYED** as
        discussed herein;

(6)     Erickson's motions for waiver of service (Dkts. 23, 46, 48, 50, 54, 56, and
        58) are all **DENIED**; and

(7)     Erikson's proposed order (Dkt. 86) is **TERMINATED** for the reasons
        discussed herein.

DATED this 16th day of December, 2010.

BENJAMIN H. SETTLE
United States District Judge