UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN SHAWN ERICKSON,

                              Plaintiff,

              v.

COUNTRYWIDE HOME LOANS, INC.,
et al.,

                              Defendants.

CASE NO. C10-5666BHS

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS COUNTRYWIDE
HOME LOANS, INC., BAC
HOME LOANS SERVICING,
LP, RECONTRUST COMPANY,
N.A., AND MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; ORDER FOR
PLAINTIFF TO SHOW CAUSE

        This matter comes before the Court on Moving Defendants'[1] motion to dismiss

them as parties from this case. The Court has considered the pleadings and the remainder

of the file and hereby dismisses Plaintiff Ryan Shawn Erickson's ("Erickson") claims

against the Moving Defendants with prejudice for the reasons discussed herein. The Court

also orders Erickson to show cause as discussed herein.

---

        [1]Moving Defendants include Countrywide Home Loans, Inc. ("Countrywide"), BAC
Home Loans Servicing, LP ("BAC"), ReconTrust Company, N.A. ("ReconTrust"), and
Mortgage Electronic Registration Systems, Inc. ("MERS").

ORDER - 1

# I. PROCEDURAL AND FACTUAL HISTORY

This matter arises out of Erickson's apparent challenge to the propriety in the origination of his home loan and the foreclosure that occurred when Erickson defaulted on his loan. Erickson owns a home that he purchased in 2001, which is located at 9410 150th Ct. E, Puyallup, Washington 98375-8442 (the "Property"). Third Amended Complaint ("TAC"), Dkt. 77.[2] Erickson refinanced the Property in order to acquire a second investment property. *Id*. at 6-7. To obtain refinancing, Erickson executed two deeds of trust on October 26, 2005. *See* Declaration of Abraham K. Lorber (Lorber Decl.), Exs. A, B. The foreclosure action at issue pertains only to the first deed of trust.

Erickson does not dispute taking out the loan to refinance the Property or that he signed the first deed of trust (the "Deed"). TAC at 6-7 ¶ 20. Erickson also admits that he failed to make payments due under the loan and requested loan modification. *Id*. at 7 ¶ 22. Erickson received modification but again fell behind in his payments; he does not allege that he has made even a single payment on his mortgage since October of 2009. TAC at 7-8 ¶¶ 24-25. On July 14, 2010, ReconTrust recorded a notice of trustee's sale; at that time, Erickson was $41,769.60 behind in his monthly payments. Lorber Decl. At 2, Ex. E (notice of trustee's sale).

On January 6, 2011, Moving Defendants filed a motion to dismiss Erickson's claims against them for having failed to allege any actionable wrongdoing. *See* Dkt. 110 at 2. On February 1, 2011, after receiving time in excess of that allotted by the Federal Rules of Civil Procedure, Erickson filed his response in opposition to Moving Defendants' motion to dismiss. Dkt. 115. On February 11, 2011, Moving Defendants replied. Dkt. 122.

---

[2]It should be noted that the Court has extended a generous amount of latitude to Erickson, *pro se*, in permitting him to file a third amended complaint in an effort to permit him every opportunity to allege actionable claims against Moving Defendnants. *See* Dkt. 88.

Prior to receipt of Erickson's responsive pleading (Dkt. 115), the Court put Erickson on notice as to what would be required of him to adequately oppose the anticipated motion to dismiss (Dkt. 110) and prevent dismissal of his claims against Moving Defendants. *See* Dkt. 88 at 3-4 (advising Erickson as to the requirements to oppose motions to dismiss under Fed. R. Civ. P. 12(b)(6)).

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) permits challenge of a complaint for "failure to state a claim upon which relief can be granted." A court's inquiry "is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). The defendant bears the burden of proving plaintiff has failed to state a claim. *See, e.g., Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005); *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006); James Wm. Moore, 2 *Moore's Federal Practice* § 12.34[1][a] at 12-73 (2008 ed.).

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999); *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint or any claim within it "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

**A.    Moving Defendants' Motion to Dismiss**

**1.    Wrongful Foreclosure**

Erickson's somewhat confusing TAC seems to allege that ReconTrust and BAC did not have authority to foreclose on his mortgage. However, as this Court and other courts have routinely held, such a "show me the note" argument lacks merit. *See, e.g.,*

ORDER - 3

*Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D. Wash., Mar. 24, 2010) (quoting *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz 2009) (collecting cases)).

Therefore, the Court concludes that Erickson has not filed an actionable claim for wrongful foreclosure.

**2.    RICO**

Erickson's RICO claims, as set out in his TAC, do not meet the specificity requirements of Fed. R. Civ. P. 9(b). *See, e.g., Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (Ninth Circuit affirming that the particularity requirements of Rule 9(b) have been applied to RICO claims). Indeed, Erickson's TAC fails to meet the lesser pleading standard of Rule 8.

Aside from pleading deficiencies, Erickson would have to establish a "pattern" of "racketeering activity" along with two predicate acts before he could adequately allege a valid RICO claim. Erickson has failed to set out such allegations; in fact, the TAC does not adequately set out even one predicate act.

Therefore, Erickson's TAC fails to state an actionable RICO claim.

**3.    TILA & RESPA**

Allegations under TILA (Truth In Lending Act) and RESPA (Real Estate Settlement Procedures Act) are both subject to a statute of limitations period. 15 U.S.C. § 1640(e). (TILA one-year limitations period beginning when loan is originated); 12 U.S.C. § 2614 (setting out a one and three-year statute of limitations period depending on the claim, beginning when the loan is originated). Erickson's filed his TILA and RESPA claims in this case in August of 2010, nearly five years after the subject loan was originated in October 2005. *Compare* Declaration of John S. Devlin III, Ex. 2 (Complaint, Dkt. 2-2) with Lorber Decl, Exs. A, B.

ORDER - 4

Based on the foregoing it is evident that Erickson's TILA and RESPA claims are time barred.

### 4.    Other Causes of Action Alleged

Erickson alleges a number of other causes of action for which (a) he fails to support with any facts, (b) no such cause of action exists, or (c) the cause of action is not one that Erickson may recover under or is one that is inapplicable to Moving Defendants. These causes of action include: (1) violation of economic crime; (2) engaging in ponzi schemes; (3) violation of HAMP (Home Affordable Modification Program); (4) violation of fraud law; (5) violation of RCW 9A.82 (Washington Criminal Profiteering Act); (6) quiet title action to quiet title in himself; (7) fraud upon the court; (8) violation of economic loss rule; (9) obstruction to private entrepreneurs; (10) violations of Tort Act (WAC 208-660-006); and (11) violation of notary laws.

Because none of these eleven additional causes of action are actionable in general or with respect to Erickson and Moving Defendants specifically, each claim is dismissed with prejudice as to Moving Defendants.

## B.    Erickson's Opposition to the Motion to Dismiss

In Erickson's opposition to Moving Defendants' motion to dismiss, he raises the following arguments not discussed above: (1) Moving Defendants violated the law of negotiable instruments; (2) and several other arguments that are either unactionable or inapplicable to the instant case.

Notably, Erickson did not raise the law of negotiable instruments in his TAC and raises it now for the first time in his response in opposition. To the extent that Erickson is raising new allegations in his response to Moving Defendants' motion, those facts cannot serve as a basis for denying the motion to dismiss. Therefore, Erickson's claim under UCC Article 3 (negotiable instruments) is denied, as are his other arguments included with his response, that have no basis in law.

ORDER - 5

**C.      Erickson's Other Pending Motions and Filings**

Erickson has been repeatedly informed as to what is required of his filings. He has been urged to discuss the method and means of appropriate filings with the Court's clerk, which, to the Court's knowledge, he has not done. Erickson has filed numerous documents with the Court that are repetitive or have little relevance to the instant motion. The Court has placed each of these documents on the Court's docket for sake of the record; however, they will not be addressed individually herein.

Because the Court concludes that Erickson has not raised a single valid claim that would permit him to proceed in this action, these documents, to the extent they represent motions, are each terminated. All other pending motions are terminated.

**D.      Erickson's Motion for a Fourth Amended Complaint**

The Court has given Erickson ample leeway, additional time, and more than sufficient opportunity to attempt to state a claim for which relief can be granted. He has failed to do so each time, and the Court is unconvinced that a fourth attempt will provide any new life to Erickson's case.

Therefore, Erickson's request to amend his TAC is denied.

**E.      Show Cause**

Based on the foregoing, Erickson has not stated a claim for which relief can be granted as to any Defendant remaining in the case. Erickson is ordered to show cause as to why the Court should not dismiss his claims with prejudice as to any remaining Defendants that did not join in Moving Defendants' motion to dismiss. Erickson may file a response to this show cause order no later than March 18, 2011. The response shall not exceed 10 pages and shall address only claims against Defendants not dismissed herein. Failure to adequately respond will likely result in dismissal of Erickson's case with prejudice.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III. ORDER

Therefore, it is hereby **ORDERED** that Moving Defendants' motion to dismiss is **GRANTED**. Erickson's claims against Moving Defendants are **DISMISSED with prejudice**. Erickson is ordered to **SHOW CAUSE** as discussed herein.

DATED this 7th day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7